**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Kendrick,<br><br>              Plaintiff,<br><br>v.<br><br>Lupin Pharmaceuticals,<br><br>              Defendant. | No. CV-21-0132-TUC-BGM<br><br>**ORDER** |

On March 29, 2021, Plaintiff Kathleen Kendrick filed a *pro se* Complaint (Doc. 1) alleging that she "became ill in late January 2020 while taking Metformin ER[,]" and then the following July she "received a letter from Walgreens pharmacy telling [her] that [she] received recalled medication from Lupin that contained high amounts of NDMA a carcinogen[][.]" Compl. (Doc. 1) at 4. Plaintiff did not immediately pay the $402.00 civil action filing fee but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that she "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is without earned income and no assets. The Court finds Plaintiff is unable to pay the fees. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) will be granted.

## II. STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. at 998 (quoting *Hison v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, — U.S. —, 135 S.Ct. 346, 346 (2014) ("Federal

pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## III. COMPLAINT

Plaintiff's Complaint alleges that she "became ill in late January 2020 while taking Metformin ER[,]" and then the following July she "received a letter from Walgreens pharmacy telling [her] that [she] received recalled medication from Lupin that contained high amounts of NDMA a carcinogen[][.]" Compl. (Doc. 1) at 4. Plaintiff seeks ten million dollars. *Id.* at 4–5.

## IV. FAILURE TO STATE A CLAIM

### A. *Insufficient Factual Basis*

Plaintiff's Complaint (Doc. 1) does not contain any facts beyond mere allegations that she suffered an injury. Such "the-defendant-unlawfully-harmed-me" accusations are insufficient to state a claim under Rule 8, Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Additionally, Plaintiff's vague allegations are directed only at Lupin Pharmaceuticals. *See* Compl. (Doc. 1). In her attachments to the Complaint (Doc. 1), Plaintiff mentions that she "ha[s] been informed that Lupin also contracts out and that there were other recalls from varies [sic] companies on the same medication" and lists other pharmaceutical companies.

Plaintiff did not name any of these companies in her suit, and her complaint is devoid of any allegations of wrongdoing as to these entities, but her purpose for mentioning them at all is unclear. Based on the foregoing, the Court finds Plaintiff's Complaint (Doc. 1) fails to provide sufficient detail to put defendant on notice as to the nature and basis of her claims. *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, Plaintiff's Complaint (Doc. 1) will be dismissed with leave to amend.

## V. WARNINGS

### A. *Rules of Court*

Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays. If Plaintiff wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

### B. *Amended Complaints*

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, grounds for relief alleged in the original Petition that are not alleged in an amended petition are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### C. *Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in

dismissal of this action.

**D.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**E.     Letters to the Judge**

It is improper for a party to communicate directly with court personnel. Simply mailing documents to the judge or any other court personnel is inappropriate. Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the judge or other court personnel will be stricken from the record and returned to Plaintiff.

**F.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**VI.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is DISMISSED WITH LEAVE TO AMEND.

Dated this 24th day of June, 2021.

Honorable Bruce G. Macdonald
United States Magistrate Judge